■  HARRY POLANS, Appellant, v SWEDISH CROWN CASUAL FURNITURE CORP. et al., Respondents, et al., Defendant.—In an action to recover damages for conversion, in which a default judgment was entered in favor of plaintiff upon the granting of his unopposed motion for summary judgment, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated May 12, 1978, as granted the branch of the motion of defendants Swedish Crown Furniture Corp., Swedish Crown Corp. and Paul Crowley which sought to vacate the default judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, the said branch of the motion is denied and the default judgment in favor of the plaintiff is reinstated. The respondents are not entitled to a vacatur of the judgment because they have failed to excuse their default. The application to vacate the default was brought some 28 months after entry of the default judgment and two years after the individual defendant, Paul Crowley, was deposed in the course of enforcement proceedings. The proffered excuse constitutes little more than a claim of law office failure. Although this might be sufficient to excuse a delay of several months, it is entirely insufficient to excuse the inordinate delay of 28 months. The claim of lack of representation has no bearing on why the respondents failed to take any action to vacate the judgment for almost two years after Crowley was deposed for purposes of enforcing the judgment. In addition, we note that the respondents have not persuasively established a meritorious defense to the action. The respondents have alleged that the plaintiff defaulted on a loan and that his automobile was properly taken pursuant to a written security agreement. However, the security agreement computes interest at the rate of 1% per month on the remaining balance. This exceeds the

permitted rates and, therefore, the security agreement is void and unenforceable (see General Obligations Law, §§ 5-501, 5-511; 3 NYCRR 4.1). The respondents' contention that the agreement should be construed as a purchase-money mortgage (cf. Uniform Commercial Code, § 9-107) is untenable in the circumstances of this case. Damiani, J. P., Lazer, Rabin and Margett, JJ., concur.